UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROUSE, Plaintiff, -against- 173 MONTROSE LLC, et al., Defendants. | **SUMMARY ORDER** **24-cv-04436 (DLI) (LKE)** |

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Joseph Rouse ("Plaintiff") filed this action for injunctive relief, fees, and costs against 173 Montrose LLC ("Montrose"), the landlord of the property located at 173 Montrose Ave, Brooklyn, NY 11206 (the "Property"), and Marcela's Wine Bar LLC ("Marcela's"), the operator of a restaurant located at the Property. *See*, Compl. ¶¶ 3-6, Dkt. Entry No. 1. Plaintiff alleges that Marcela's and Montrose (collectively, "Defendants") discriminated against him by denying him full access to the restaurant's goods, services, and accommodations in violation of Title III of the Americans with Disabilities Act and its implementing regulations. *Id.* ¶¶ 14-15.

On May 7, 2025, Plaintiff reported that he had entered into a settlement agreement in March 2025 with Marcela's (the "Agreement"). *See*, Pl.'s May 7, 2025 Letter, Dkt. Entry No. 21; Agreement, Dkt. Entry No. 22. The record reflects that Marcela's did not fully comply with the Agreement and that Plaintiff has sought the assistance of the United States Magistrate Judge of this Court, who has held multiple conferences with the parties to facilitate compliance. *See generally*, Docket Sheet.

On May 4, 2026, the Court ordered Plaintiff to show cause, in writing and by no later than May 22, 2026, why this action should not be dismissed against: (1) Marcela's for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Rules");

and (2) Montrose for lack of prosecution pursuant to Rule 41(b). *See*, Order to Show Cause. On June 22, 2026, exactly one month after the Court's deadline, Plaintiff filed a letter, inexplicably addressed to Judge Gershon, stating "Plaintiff intends to file a Notice of Dismissal against the non-appearing Defendant, 173 Montrose LLC and commence a new action if the work is not completed, and further respectfully request that the case against Defendant Marcela's be dismissed." Dkt. Entry No. 34. To date the plaintiff has not filed a notice of dismissal. For the reasons set forth below, this action is dismissed in its entirety.

## DISCUSSION

### I. Claims Against Marcela's

The Court lacks subject matter jurisdiction over Plaintiff's claims against Marcela's. As an initial matter, those claims became moot upon full execution of the Agreement. Mootness "is a condition that deprives the court of subject matter jurisdiction" and that "may be raised at any time." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (citation omitted). In such case, dismissal is mandatory notwithstanding the stage of proceedings. *See*, Fed. R. Civ. P. 12(b)(1), (h)(3). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). The "'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id.* at 90-91 (citation omitted).

"Generally, settlement of an individual plaintiff's claim would render the action moot because there would no longer be a controversy between the parties." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp.2d 55, 77 n.23 (E.D.N.Y. 2008) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994); *British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A.*, 354 F.3d

120, 122-23 (2d Cir. 2003); *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398-99 (2d Cir. 1997)). This general rule applies here because the settlement was not made contingent upon some condition precedent. Instead, upon full execution of the Agreement, Marcela's was to undertake certain repairs at the restaurant and make payments in consideration of Plaintiff's release of "any and all claims . . . regarding the [restaurant]." Agreement at 2-3.[1] As the settlement was not "tentative," Plaintiff "lost a legally cognizable interest" in his claims against Marcela's when the settlement release became effective. *British Int'l Ins. Co. Ltd.*, 354 F.3d at 123; *Charicando v. Tribesmen Gen. Contracting*, Inc., 2026 WL 878074, at *2 (E.D.N.Y. Mar. 31, 2026).

In keeping with the principle that "[f]ederal courts are courts of limited jurisdiction, . . . a district court 'does not automatically retain jurisdiction to hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citations omitted). Instead, the Court must have an independent basis for jurisdiction, *i.e.*, because such a motion "is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of [this action].'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Courts routinely invoke the doctrine of ancillary jurisdiction "to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* (quoting *Kokkonen*, 511 U.S. at 379-80). However, in this context, the Court only may "retain ancillary jurisdiction over enforcement of a settlement" if an "order of dismissal . . . either (1) expressly retain[s] jurisdiction over the settlement agreement, or (2) incorporate[s] the terms of the settlement agreement." *Id.* (citing *Kokkonen*, 511 U.S. at 381).

[1] While the Agreement states that Plaintiff "release[d] *all Defendants*" from "any and all claims," the Court does not construe such language as encompassing Montrose, who is not signatory to the Agreement or who otherwise gave no consideration in exchange for such release. Agreement at 3 (emphasis in original).

Here, the Court did not retain ancillary jurisdiction over the enforcement of the Agreement. The Court has not issued a dismissal order or so-ordered the Agreement. *See*, *Charicando*, 2026 WL 878074, at *2 ("Express retention over a settlement agreement may be accomplished when a district court 'so-orders' a settlement agreement, or stipulation of dismissal, that contains a provision stating the 'court retains jurisdiction for enforcement [purposes].'" (citations omitted)). At most, the Court has noted the Agreement's existence, but "[m]ere[] acknowledg[ement] . . . will not suffice, . . . and neither will the 'unexpressed intent' of the parties or the district court." *Hendrickson*, 791 F.3d at 360 (citations omitted). Any concern that dismissal would render the Agreement meaningless is without merit, as Plaintiff has remedies in state court. Accordingly, Plaintiff's claims against Marcela's are dismissed for lack of subject matter jurisdiction.

## II. Claims Against Montrose

Dismissal of Plaintiff's claims against Montrose is warranted for his failure to prosecute. *See*, *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing a district court's inherent authority to dismiss for failure to prosecute); Fed. R. Civ. P. 41(b) (authorizing dismissal where a plaintiff fails to prosecute an action or to comply with a court order). Recognizing that such dismissal "is a 'harsh remedy' that should 'be utilized only in extreme situations,'" the Second Circuit examines the following five factors as "guiding rules that limit a trial court's discretion": "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Lewis*, 564 F.3d at 575-76 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "[N]o one factor is dispositive," and the Second

Circuit reviews Rule 41(b) dismissals "in light of the [whole] record." *Id.* at 576 (citation and internal quotation marks omitted). Here, all five factors weigh in favor of involuntary dismissal.

As an initial matter, Plaintiff's delay in prosecuting his case against Montrose has been significant. Plaintiff obtained an entry of default over two years ago, but he never moved for default judgment. *See*, Dkt. Entry No. 13. Soon after obtaining entry of default against Montrose, Plaintiff represented that he intended to abandon his action against Montrose. *See*, Pl.'s Jan. 13, 2025 Letter, Dkt. Entry No. 16 ("Plaintiff intends to discontinue without prejudice against . . . [Montrose], since the alleged violations exist at the entrance and inside the restaurant."). While Plaintiff did respond belatedly to the Court's May 4, 2026, Order to Show Cause, three months later, he still has not submitted a stipulation of dismissal after telling the Court he would. Plaintiff's general indifference to the Order to Show Cause's dismissal warning and his failure to follow the Court's Orders corroborates his abandonment of the case against Montrose and that lesser sanctions to dismissal (*e.g.*, further warnings) are inadequate. Additionally, these numerous delays have prejudiced, and will continue to prejudice, Montrose. It would be unfair to Montrose to allow this case to remain open indefinitely, especially as over two years have passed since Plaintiff obtained the entry of default against Montrose. Finally, the Court notes Plaintiff's lack of due regard for the Court's general need to manage its docket, especially given that the thrust of this action, *i.e.*, the claims against Marcela's, has been moot for over a year. Accordingly, the claims against Montrose are dismissed for failure to prosecute.

**CONCLUSION**

For the reasons set forth above, the action is dismissed in its entirety pursuant to Rules 12(b)(1) and 41(b).

SO ORDERED.

Dated: Brooklyn, New York
November 24, 2026

/s/
DORA L. IRIZARRY
United States District Judge